UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

| | |
|---|---|
| EMMETT PAUL MOBLEY, III, | |
| Plaintiff, | Civil Action No. 10-CV-275-JMH |
| v. | |
| STATE OF KENTUCKY, et al., | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | |

\*\*\*\*\* \*\*\*\*\* \*\*\*\*\* \*\*\*\*\*

Plaintiff Emmett Paul Mobley III has filed a document styled as "A Civil Action, on Appeal from the Fayette Circuit Court, Case #9-CI-5097, Under USC Title 29 Chapter 18 Subchapter 1 Subtitle B Part 5 Section 1132 (a)(3)(A) & (B)(i), (ii)." [R. 1]

**I.  Background**

In his Complaint, Mobley asserts that he is the sole plan provider, plan administrator, plan trustee, and legal beneficiary of a defined benefit plan implemented by his professional services corporation which complies with the provisions of the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001-1461 ("ERISA"), and is tax-qualified under the corresponding provisions of the Internal Revenue Code.  He further indicates that he is a participant in divorce proceedings between himself and his former spouse in a case pending in the Circuit Court of Fayette County, Kentucky. *In re: the Marriage of Ilse Mobley and Emmett Paul Mobley*, No. 09-CI-5097, Fayette Circuit Court. [R. 1 at 2-3]

Mobley asserts that during the pendency of the dissolution proceedings the state court entered orders compelling him to provide support to his former spouse beyond his financial capacity to provide it.  When he failed to comply with those orders, on June 1, 2010, the state court found him

to be in contempt of court. The state court's order also directed Mobley to disburse funds from his defined benefit plan to certain identified payees. [R. 1 Ex. 3] By letter dated June 5, 2010, Mobley - acting in his capacity as plan administrator - refused to comply with the order, asserting that it did not qualify as a "qualified domestic relations order" ("QDRO") within the meaning of 29 U.S.C. § 1056(d)(3)(B)(i) for several enumerated reasons. [R. 1 Ex. 6] On June 18, 2010, the state court granted petitioner's request for sanctions and ordered Mobley to serve sixty days incarceration unless he purged his contempt by complying with the terms of the June 1, 2010, order. [R. 1 Ex. 8] When Mobley failed to comply, on June 30, 2010, the state court entered orders joining Mobley's professional services corporation as a party to the divorce proceedings, placing it into receivership, removing Mobley as plan administrator, and issuing a warrant for Mobley's arrest. [R. 1 Ex. 9, 10]

On July 28, 2010, the state court entered a final decree of dissolution of marriage, as well as a domestic relations order directing the court-appointed plan administrator, Anna Johnson, to transfer the entire balance of the defined benefit plan to Mobley's former spouse. [R. 1 at Ex. 12] On August 3, 2010, Mobley sent a letter to his former spouse in which he asserted that he remained the plan administrator and that the state court's July 28, 2010, order was legally deficient under ERISA. [E. 1 Ex. 13]

Mobley initiated this proceeding on August 9, 2010. In his Complaint, Mobley asserts that the division of assets created by the final decree of divorce are highly inequitable and would leave him nearly penniless [R. 1 at 12-15] and that the state court's orders with respect to the defined benefit plan are unauthorized and contrary to federal law. [R. 1 at 17-19] Mobley seeks an injunction preventing the enforcement of all orders previously entered by the state court, including those relating to a division of property between the parties and the order of contempt entered against him; a stay preventing a child custody hearing from taking place; damages against his former

spouse's legal counsel; and an order "remanding" this case to the state courts with directions to recalculate a property division "formulated totally free of substantive and procedural fraud." [R. 1 at 26-28] Mobley has also filed a separate motion asking the Court to entertain the civil rights claims previously dismissed in two prior federal proceedings before this Court under its pendent jurisdiction pursuant to 28 U.S.C. § 1443. [R. 5]

**II.     Discussion**

This is the third proceeding initiated by Dr. Mobley within the last year seeking this Court's review of or intervention in his state court divorce proceedings.

On December 4, 2009, Mobley filed a *pro se* civil rights complaint seeking injunctive relief preventing the state court from entering orders regarding the division of marital property which he contended would violate his constitutional rights. On December 16, 2009, the Court determined that it must abstain from interfering with ongoing state proceedings under *Younger v. Harris*, 401 U.S. 37 (1971), and dismissed the Complaint without prejudice. *Mobley v. Kentucky*, No. 09-392-JBC (E.D. Ky. December 16, 2009) (slip opinion).

Undeterred, six weeks later Dr. Mobley filed a second action seeking to enjoin the state court from proceeding further on the ground that its orders had violated his constitutional rights. On May 20, 2010, the Court again found *Younger* abstention appropriate in deference to the pending state proceedings. The Court further noted that to the extent "Mobley asserts that the actions of the Fayette Circuit Court judge have violated his constitutional rights, there is no question that he may obtain full review of those actions, including his constitutional claims, on direct appeal to the Kentucky Court of Appeals ..." a reference to the probable application of the *Rooker-Feldman* doctrine as a bar to resort to collateral review in federal courts *in lieu* of proper direct appellate review within the state court system. *Mobley v. Kentucky*, No. 10-32-JBC (E.D. Ky. May 20, 2010)

(slip opinion).

Through this third proceeding, Mobley again seeks to invoke this Court's jurisdiction to enjoin the divorce proceedings pending in the Kentucky courts. While his complaint, which he characterizes as an "Appeal from the Fayette Circuit Court," does not unequivocally assert that his rights under the federal Constitution have been violated, his reference to "fundamental rights" suggests that he intends to assert such claims, a design laid bare by his subsequent motion asking the Court to exercise pendent jurisdiction over his two previously-dismissed civil rights complaints. [R. 5] His current pleading is distinct from his past efforts only in that he seeks review of the state court's determination that its July 28, 2010, order constituted a valid QDRO within the meaning of 29 U.S.C. § 1056(d)(3)(B)(i), a determination he contends may be made solely by a federal court.

The Court begins with an examination of its subject matter jurisdiction over the claims asserted by the plaintiff, for "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Federal Rule of Civil Procedure 12(h)(3). The rule permits a district court to examine, on its own motion, the possible application of the doctrines of abstention, the *Rooker-Feldman* doctrine, or other jurisdictional defects. *ADSA, Inc. v. Ohio*, No. 04-4525, 2006 WL 1008319, at * 2 (6th Cir. April 18, 2006); *Doscher v. Menifee Circuit Court*, No. 03-5229, 2003 WL 22220534, at *1 (6th Cir. September 24, 2003) (affirming dismissal of complaint upon initial screening under *Apple v. Glenn*, 183 F.3d 477 (1999) for lack of subject matter jurisdiction under *Younger* and *Rooker-Feldman*).

To the limited extent Mobley may be seeking an order from this Court directly altering the terms of the final decree of dissolution, such a request is plainly barred by the domestic relations exception to this Court's subject matter jurisdiction. *Ankenbrandt v. Richards*, 504 U.S. 689, 703 ("the domestic relations exception, as articulated by this Court since *Barber*, divests the federal

courts of power to issue divorce, alimony, and child custody decrees.")

The far greater measure of relief sought by Mobley, however, is to enjoin the state court from either enforcing its prior orders or proceeding further in perceived derogation of his constitutional rights. As with Mobley's prior actions, permitting this case to proceed would result in unnecessary and deleterious interference with the pending divorce proceedings in the circuit court of Fayette County, warranting abstention under *Younger v. Harris*, 401 U.S. 37 (1971). Further, the *Rooker-Feldman* doctrine precludes the use of this forum to challenge the correctness of the orders entered by the state court below. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005) (a party may not "repair[] to federal court to undo the [state court] judgment."); *Davis v. United States*, 499 F.3d 590, 595 (6th Cir. 2007) (husband's federal action seeking re-interpretation of federal immigration form showing financial support in furtherance of wife's application for residency following adverse determination in subsequent state divorce proceedings barred under *Rooker-Feldman*).

Nor does Mobley's attempt to invoke jurisdiction through ERISA alter this result. 29 U.S.C. § 1132(a)(3) permits a plan participant such as Mobley to bring an action to enjoin or remedy violations of ERISA, and 29 U.S.C. § 1132(e)(1) vests federal courts with exclusive jurisdiction over such actions. However, a plan beneficiary's spouse is also a "beneficiary" within the meaning of ERISA. Because a spouse's lodging of a QDRO with a plan administrator constitutes an attempt by such spouse to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan" under 29 U.S.C. § 1132(a)(1)(B), Section 1132(e)(1) confers concurrent jurisdiction upon state courts to determine whether a domestic relations order constitutes a QDRO. *Board of Trustees v. Levingston*, 816 F. Supp. 1496, 1498-1501 (N.D. Cal. 1993). Accordingly, state and federal courts

possess concurrent jurisdiction to determine whether a domestic relations order is "qualified" for purposes of ERISA under 29 U.S.C. § 1056(d)(3)(B)(i), and a state court may order a plan administrator to comply with the terms of a QDRO. *Rouse v. Chrysler Corp*, No. 96-CV-70134-DT, 1997 WL 905508, at *4-5 (E.D. Mich. 1997). Because the Fayette Circuit Court possessed jurisdiction to determine whether its domestic relations order constituted a valid QDRO, the *Rooker-Feldman* doctrine requires Mobley to seek review of that determination in the appellate courts of Kentucky, not this court.

Nor does the state court's interpretation or enforcement of its domestic relations order run afoul of ERISA's broad preemption provision, 29 U.S.C. § 1144(a), as Section 1144(b)(7) expressly excepts QDROs from that preemption. *Scales v. General Motors Corp. Pension Adm'r*, 275 F. Supp. 2d 871, 876-77 (E.D. Mich. 2003) (following contempt order entered by state court in divorce action after plan administrator concluded state court order did not qualify as QDRO, pension plan administrator improperly removed action under auspices of ERISA's "complete preemption" doctrine, where ERISA expressly exempts QDROs from general preemption of state law under 29 U.S.C. § 1144(b)(7)); *Geiger v. Foley Hoag LLP Retirement Plan*, 521 F.3d 60, 67 (1st Cir. 2008).

### III. Conclusion

Accordingly, **IT IS ORDERED** that:

1. Mobley's "Request for Current US District Court Pendent Jurisdiction of Prior Alleged Civil Right Violations in 5:09-CV-0032-JBC and 10-CV-32-JBC" [R. 5] is **DENIED**.

2. Defendant Dawahare & Kershaw, LLP's Motion to Dismiss Complaint [R. 2] is **GRANTED**.

3. Defendant Suzanne Baumgardner's Motion to Dismiss Plaintiff's Complaint [R. 6] is **GRANTED**.

4. Plaintiff's Complaint [R. 1] is **DISMISSED WITHOUT PREJUDICE**.

5. The Court will enter an appropriate Judgment.

This the 28th day of October, 2010.

